UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER DANIEL CALVERT<br>    Plaintiff, | ]<br>]<br>] No. 3:13-cv-0137 |
| v. | ] (No. 3:13-mc-0006)<br>] Judge Sharp |
| SHERIFF SONNY WEATHERFORD,<br>et al.<br>    Defendants. | ]<br>]<br>] |

## **M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Sumner County Jail in Gallatin, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Sonny Weatherford, Sheriff of Sumner County; Sonya Troutt, Administrator of the Sumner County Jail; and three members of the staff at the Sumner County Jail; seeking unspecified relief.[1]

On December 18, 2012, the plaintiff was being taken by Officer Trent Caldwell to the yard for an hour of recreation. Before they arrived at the yard, the pair stopped at the "dress-out" room so that the plaintiff could get another shirt.

---

[1] Sonny Weatherford and Sonya Troutt are named as defendants in the original complaint. The remaining defendants, however, are named in additional pages that were intended to be part of the complaint but were returned to the plaintiff for lack of postage. *See* Docket Entry No.6.

1

As the plaintiff was changing shirts, Officer Caldwell allegedly began to stare at his crotch and make "sexual sounds". Apparently, Officer Caldwell did not touch the plaintiff or proposition him in any way. Nevertheless, the plaintiff felt very uncomfortable and reported Officer Caldwell for sexual harassment.

Administrators at the Jail investigated the allegations and found that the plaintiff's claim of sexual harassment was unfounded. Docket Entry No.6 at pg.3. The plaintiff believes that Officer Caldwell violated his constitutional rights, as well as the supervisory personnel at the Jail who refused to punish Officer Caldwell.

In order to establish a claim for relief under § 1983, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right secured by the Constitution or laws of the United States. <u>Parratt v. Taylor</u>, 101 S.Ct. 1908, 1913 (1981).

It is well settled that mere words, no matter how offensive, threatening, or insulting, do not rise to the level of a constitutional violation. <u>McFadden v. Lucas</u>, 713 F.2d 143, 147 (5th Cir.1983). Despite the fact that the plaintiff may have been made uncomfortable by Officer Caldwell's actions, he was never touched by this Officer. Nor did the Officer threaten him with punitive action for rejecting his alleged "advances". As a consequence, the plaintiff has failed to demonstrate conduct in violation of federal

law.

In the absence of a constitutional violation, the plaintiff is unable to prove every element of an action under § 1983. He has, therefore, failed to state a claim upon which relief can granted. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

Kevin H. Sharp
United States District Judge